F. A. B. PATERSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

May 26, 1905.

Nos. 14,387—(79).

**Carrier—Deposition.**

Action against a carrier to recover damages for injuries to an automobile by its alleged negligence in transporting it. *Held*, that the court did not err in ruling upon the competency of witness as to value; that a party who is represented at the taking of a deposition cannot object for the first time on the trial that it was taken in narrative form; and, further, that the court did not err in denying defendant's motion to dismiss, nor in its instructions to the jury.

[1] Reported in 103 N. W. 621.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $400. Affirmed.

*Mathwig & Sasse,* for appellant.

*Albert R. Allen* and *De Forrest Ward,* for respondent.

START, C. J.

Action to recover damages which the plaintiff alleged that he had sustained by the negligence of the defendant as a common carrier in transporting his automobile from Chicago to Fairmont, this state. The automobile was purchased by the plaintiff in Myersdale, Pennsylvania, and on March 25, 1903, it was loaded in good condition by the seller upon a car of the Baltimore & Ohio Railway Company, and transported by that carrier to Chicago, there, by a connecting carrier, the Belt Line Railway Company, it was delivered to the defendant for transportation over its line to Fairmont. When it was delivered by the defendant to the plaintiff at Fairmont, it was in a broken and seriously damaged condition. The answer put in issue the extent of the injuries to the automobile, the amount of the plaintiff's damages, and alleged that it was injured and broken when it was delivered to the defendant, and that it was delivered to the plaintiff in the same condition that it was when the defendant received it. A trial of the action resulted in a verdict for the plaintiff in the sum of $400, and the defendant appealed from an order denying its motion for a new trial.

The first group of alleged errors relate to the rulings of the trial court as to the admission of evidence. Four witnesses testified on behalf of the plaintiff as to the value of the automobile before and after it was injured, two of whom were the plaintiff and the former owner of the automobile of whom it was purchased. The trial court, over the objection of the defendant, ruled that each of the witnesses was competent to testify as to the value of the automobile. It is here urged that the rulings were erroneous. The question of the competency of the witnesses was a preliminary one, which was largely within the discretion of the trial judge, and his decision thereon will not be reversed on appeal if there is any evidence fairly tending to sustain it. Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564. The plaintiff and the par-

ty of whom he purchased the automobile were clearly competent to testify as to its value.    The evidence as to the competency of the other two witnesses, while not as satisfactory, was nevertheless sufficient to sustain the findings of the court on the question.

Evidence was also given by the plaintiff as to the feasibility and cost of repairing the automobile.    This is also urged as error, because the witnesses were not competent to give an opinion upon the question, and, further, that the evidence was not relevant, because the measure of damages was the difference in the value of the automobile before it was injured and after it was injured.    This is a correct statement of the rule for ascertaining the damages, and was the rule given by the court to the jury by which they were to assess the damages.    The jury found the damages materially greater than any witness estimated the cost of repairing the automobile.    The defendant offered no evidence as to the value of the automobile either before or after the injury.    It therefore conclusively appears that the defendant was not injured by the evidence as to the feasibility and cost of repairing the automobile; hence it is immaterial whether or not the evidence was properly received.

The deposition of the party of whom the automobile was purchased was received in evidence over the objection of the defendant to the effect that it was not taken in the form of questions and answers, but in narrative form.    The defendant was represented at the taking of the deposition, and cross-examined the witness, without any objection to the manner of taking it.    This was a waiver of the objection that the deposition was taken in narrative form.    G. S. 1894, § 5691.

2. The next assignment of error to be considered is that the court erred in denying defendant's motion to dismiss the action for the reason that the evidence conclusively showed that the automobile was in the same condition when delivered to the plaintiff that it was when defendant received it.    The evidence does not justify this contention. The plaintiff showed that the automobile was in good condition when it was delivered to the initial carrier, and in a damaged condition when it was delivered by the last connecting carrier, the defendant.    This was sufficient to establish prima facie that the automobile was received by the defendant in good condition.    Shriver v. Sioux City & St. P. R.

Co., 24 Minn. 506; Leo v. St. Paul, M. & M. Ry. Co., 30 Minn. 438, 15. N. W. 872; Beede v. Wisconsin Cent. Ry. Co., 90 Minn. 36, 95 N. W. 454.

The evidence relied upon as conclusively showing that the defendant received the automobile in the same condition that it was when it was delivered to the plaintiff is contained in the deposition of a freight handler of the defendant, which was taken on its behalf, but introduced in evidence by the plaintiff. Attached to the deposition as an exhibit was a freight bill, upon which were indorsed with pencil these words: "Front of auto broken and in bad order. Top piece missing." The witness testified that he inspected the automobile when it was received by the defendant, and wrote the words, "Bad order. Top piece missing," on the bill; that he did not place the other words thereon. He also testified that the missing top piece was a small movable board in the seat; that the automobile was scratched on its sides, and more or less all around, and that this was why he placed the words, "Bad order," on the bill; and, further, that he does not know who placed the words, "Front of auto broken and in" on the bill, as they were not there when he passed the bill back to the foreman. In other words, the deposition tended to show that the automobile was badly scratched, and that the small movable board was missing, when it was received by the defendant. Its condition, when received from the defendant by the plaintiff, as testified to by his witnesses, was this:

The front axle was bent and broken, the connection between the front axle and the frame was bent, the connection between the front axle and the steering gear was broken clear off, the wheels were bent around so that one of the tires rubbed on the corner of the step and it had worn a hole nearly through, the hind axle was bent, and the covering of the tool box in front of the seat was gone, and the covering behind the seat, too, and the connection between the steam gauge and the boiler was broken.

This testimony must be assumed to be true in determining the question whether the court erred in denying the defendant's motion to dismiss the action. It is quite obvious that the evidence did not conclusively show that the automobile was in the same condition when delivered to the plaintiff that it was when the defendant received it. The motion was rightly denied.

3. The trial court, with other instructions, gave to the jury the following one:

> If you should find, as a matter of fact in this case, that the plaintiff is entitled to recover, he would be entitled to recover such damages as he has sustained, and the measure of damages would be the difference between the value—the market value—of that automobile in the actual condition in which it was when it arrived at Fairmont in that broken condition and the condition it was in before it was so injured and damaged and broken.

This is assigned as error, for the reason that it eliminates the evidence as to the condition of the automobile when it was received by the defendant. The jury, however, were also instructed to the effect that the defendant would be liable to the plaintiff for such damages only as he sustained by reason of its negligence in transporting the automobile from Chicago to Fairmont. It is difficult to see how the jury could have been misled by the instructions as a whole to the prejudice of the defendant. If the defendant was of the contrary opinion, it was its duty to call the court's attention to the matter, and not raise the question for the first time on a motion for a new trial.

We find no reversible error in the record.

Order affirmed.