[No. 14919.   Department One.   January 17, 1919.]

# H. F. ALEXANDER, *Respondent,* v. AL G. BARNES AMUSEMENT COMPANY *et al., Appellants.*[1]

DAMAGES (62)—MEASURE OF DAMAGES—PERSONAL PROPERTY. The measure of damages for injury to an automobile is the difference between its market value just before the injury and immediately thereafter, and not the cost of repairs making it as good as new with respect to appearance and service.

APPEAL (418)—REVIEW—FINDINGS—TRIAL WITHOUT JURY. On a trial *de novo* on appeal, findings on trial without a jury are not conclusive, and upon estimates of a witness as to values, are of small controlling force.

DAMAGES (93)—EXCESSIVE DAMAGES—INJURY TO PERSONAL PROPERTY. Evidence of a witness that an automobile had a market value of not over $2,500, and after the accident would sell for $1,750 to $2,000, warrants a judgment for damages for no more than $500.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered January 28, 1918, upon findings in favor of the plaintiff, in an action in tort,. tried to the court.   Modified.

*Ellis Lewis Garretson,* for appellants.

*Grosscup & Morrow,* for respondent.

MITCHELL, J.—On account of the negligence of appellants, respondent's automobile· was damaged. The cause was tried without a jury. Findings, conclusions and a judgment in the sum of $1,125 were made and entered in favor of the respondent.

At the trial, appellants proceeded on the theory that the proper measure of damages is the reasonable cost of repairs, and, over the objections of the respondent, introduced proof that the automobile could be repaired at a cost of $125, in such manner as to make it as good as new with respect to service and appearance. The

[1] Reported in 177 Pac. 786.

proof showed an established market for second-hand automobiles. Therefore, the proper rule as to the measure of damages in the case is the difference between the market value of the automobile just before the injury and immediately thereafter. 8 R. C. L., § 47, page 487.

Other than the respondent, and simply because he owned the car, who, over the objections of appellants, was permitted to testify as to the market values, there was only one witness who gave such testimony. This witness was called by respondent. For ten years, at the time of trial, he had been in the automobile business, and for three and one-half years, agent for the sale of this particular kind of car, and was a dealer in second-hand cars in Tacoma, where the accident occurred. The testimony of this witness as to market values was somewhat uncertain. Being asked in direct examination as to the reasonable market value of the car before the accident, he answered: "That car would have sold for between $2,700 and $3,000." Questioned as to the market value after the accident, he said: "Well, if we would have bought it, we would not have paid over $1,500 or $1,600 for it." Under cross-examination he testified: "Q. And is your idea of what it was worth before the accident based upon what you as a dealer in second-hand cars would have been willing to pay for it? A. A dealer, probably he would not pay over $2,500 or $2,600 for it." Then, on redirect examination, he was asked: "Q. What would it sell for in the market after the accident?" to which he answered: "Around $1,750 to $2,000." Counsel for respondent say: "The trial court saw the respondent's witnesses, heard their testimony, and passed upon their credibility. Having made findings in favor of respondent, such findings will not be disturbed on appeal."

The statute, Rem. Code, § 1736, provides for a trial *de novo* in the supreme court in actions legal or equitable tried by the court below without a jury; thus charging us with the duty of deciding as the pleadings and proof impress us. Because of the usual advantage the trial judge has of observing witnesses as they testify, much respect is given to his findings, but they are not conclusive. *Williamson Investment Co. v. Williamson*, 96 Wash. 529, 540, 165 Pac. 385, 390. Here the most important question is the amount of damages proven, which depends most largely upon cold figures furnished by one witness. It is likely that the findings of the trial judge are of as little help to us in such a case as this as any where witnesses testify in person before the trial judge. In our consideration of the case we give to the witness full credit as to his knowledge and fairness, take his own estimates, and arrive at a conclusion different from that of the trial judge. This witness was called by respondent. We view his testimony, varying as to amounts, as admitting, in effect, that the market value of the automobile just prior to the accident was as low as $2,500, and as much as $2,000 immediately after. The car, though well cared for, had been in use fifteen months. We are satisfied from the whole record that the damages amounted to only $500.

The cause is remanded with instructions to the lower court to enter judgment in favor of respondent in the sum of $500.

Appellants will recover their costs of the appeal.

MAIN, TOLMAN, and MACKINTOSH, JJ., concur.