## S. A. EGEKVIST v. MINNETONKA & WHITE BEAR NAVIGATION COMPANY.[1]

June 25, 1920.

No. 21,858.

**Value of damaged automobile — striking out testimony.**

Collision between plaintiff's automobile and defendant's autobus. Verdict for plaintiff. *Held:*

(1) The questions of negligence and contributory negligence were for the jury.

(2) Plaintiff, owner of the automobile, testified to the value of his machine before and immediately after the accident. On cross-examination he admitted his estimate of its value after the accident was based mainly on the amount which he paid for repairs. The court did not err in refusing to strike out this estimate of its value in its damaged condition. [Reporter.]

Action in the municipal court of Minneapolis to recover $135 for damage to an automobile. The answer alleged plaintiff's contributory negligence. The case was tried before C. L. Smith, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $125. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict. defendant appealed. Affirmed.

*Frederic D. McCarthy*, for appellant.

*John F. Bernhagen*, for respondent.

PER CURIAM.

Plaintiff had a verdict of $125 for damages to his automobile caused by a collision with defendant's autobus, and defendant appealed from an order denying a new trial.

An examination of the record satisfies us that the questions of negligence and contributory negligence were both for the jury.

The only other question raised is whether the court erred in refusing to strike out plaintiff's testimony as to the amount of damages, on the ground that this testimony was based on the amount charged him for repairing the machine, and that he had no personal knowledge of the value of such repairs. He testified to the value of the machine immediately before and immediately after the accident, but admitted on cross-examination that

[1] Reported in 178 N. W. 238.

his estimate of its value after the accident was based mainly on the amount which he had paid for repairs, and that he had never been in the automobile business. He was the owner of the automobile, and had paid for repairing it, and we think it was not error to refuse to strike out his estimate of its value in its damaged condition. Paterson v. Chicago, M. & St. P. Ry. Co. 95 Minn. 57, 103 N. W. 621; 3 Chamberlayne, Ev. § 2143.

Order affirmed.