[No. 17503.  Department Two.  December 19, 1922.]

## J. P. WICKLUND, *Respondent*, v. CHARLES ALLRAUM et al., *Appellants*.[1]

EVIDENCE (185)—OPINION EVIDENCE—SPECIAL KNOWLEDGE—VALUE OF PROPERTY.  The owner of an automobile is competent to testify as to its value, without qualifying as an expert, the weight of his evidence being for the jury.

HUSBAND AND WIFE (84)—TORTS OF HUSBAND—LIABILITY OF COMMUNITY.  Where an automobile is kept by a married man for community business and for the pleasure of himself and family, the community is liable for injuries inflicted by the husband while he was driving it for his own pleasure.

SAME (94)—TORTS OF HUSBAND—JUDGMENT—SEPARATE OR COMMUNITY DEBTS.  In an action against a husband and wife for a community debt, a judgment against the defendants and each of them, naming them, is broad enough to bind the wife's separate estate and erroneous.

COSTS (70)—ON APPEAL—FAILURE TO RAISE QUESTION IN LOWER COURT.  Where a judgment on a community debt was inadvertently entered to bind the wife's separate property and was not called to the trial court's attention, and was conceded by respondent and correction tendered on appeal, an affirmance of the judgment on the merits, with that modification, will be at the cost of appellant.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 6, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained in an automobile collision.  Modified.

*Howard O. Durk*, for appellants.

*Ryan & Desmond*, for respondent.

TOLMAN, J.—Respondent, as plaintiff, sought by this action to recover damages arising from an automobile collision.  The cause was tried to a jury, which returned a verdict for $650, the full amount claimed, and

[1]Reported in 211 Pac. 760.

from a judgment against them entered thereon, the defendants have appealed.

The first assignment is that the trial court committed error in permitting respondent to testify to the value of his automobile before and after the accident, and in refusing to strike from the issues the claim for damages to the automobile because such claim rested on that testimony. We cannot so hold. In *Alexander v. Barnes Amusement Co.,* 105 Wash. 346, 177 Pac. 781, it appears to have been assumed that the owner, simply because he was the owner, might testify to such values. Professor Wigmore says:

"The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy." Wigmore on Evidence, vol. 1, § 716.

The supreme court of Idaho in *Rankin v. Caldwell,* 15 Idaho 625, 99 Pac. 108, says:

"The general rule that, to qualify a witness to testify as to market value, a proper foundation must be laid showing the witness to have knowledge upon the subject, does not apply to a party who is testifying to the value of property which he owns. The owner of property is presumed in a way, to be familiar with its value by reason of inquiries, comparisons, purchases, and sales. The weight of such testimony is another question, and may be affected by disclosures made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness."

To the same effect are, *Jackson v. Innes,* 231 Mass. 558, 121 N. E. 489; *Paterson v. Chicago, M. & St. P. R. Co.,* 95 Minn. 57, 103 N. W. 621; *Seckerson v. Sinclair,* 24 N. D. 625, 140 N. W. 239; *Gay v. Shadle,* (Iowa) 176 N. W. 635, and *Midland Valley R. Co. v. Lawhorn,* 81 Okl. 288, 198 Pac. 586.

This seems to be the general rule and we are content to adopt it.

Appellants requested an instruction in the following form:

"You are instructed that the husband is the agent of the marital community, under the laws of this state, and that this marital community is liable for his negligence and wrongful acts only when he is engaged in the transaction of community business or is acting for the benefit of the community. Therefore, if you believe, from the evidence in this case, that the defendant Charles Allraum, on the date in question, was not engaged in community business, or was not acting for the benefit of the marital community, but was riding in his automobile solely for his individual pleasure or pastime, you are instructed that under such circumstances his marital community cannot be held; and if your verdict shall be for the plaintiff, it must be against the defendant Charles Allraum alone."

and assigns error in the refusal of the court to give it.

Appellant Allraum testified that he kept and used the automobile both for business and for the pleasure and convenience of himself and family, and that on the occasion in question he had used the car to go to his place of business, for business reasons, had afterwards driven down town for his own pleasure, and was returning at the time of the accident. This was sufficient to charge the community under the rule laid down in *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59, and since followed by this court, and the jury was properly instructed under that rule.

We have carefully examined into the points raised under the assignment of error based on the refusal of the court to grant a new trial, but find nothing therein which warrants discussion, or which indicates that any prejudicial error was committed.

The last assignment is that the court erred in entering a separate judgment against Mabel B. Allraum, the wife. The judgment reads:

"That said verdict be filed in the above-entitled cause and that plaintiff have, and he is hereby awarded, judgment against the above-named defendants Charles Allraum and Mabel B. Allraum, his wife, and each of them, in the sum of Six Hundred Fifty ($650) Dollars, together with his costs and disbursements herein to be taxed."

Respondent concedes that he is not entitled to a judgment against Mabel B. Allraum; that he did not seek such judgment, and that, when the whole record is considered, the judgment as entered cannot be so construed; but if it be so construed, then he waives the right to any such judgment, but not to the extent of the recovery of costs, because this question was raised for the first time in this court. Our search of the record fails to indicate that appellants, or either of them, ever in any manner called this matter to the attention of the trial court, or sought to have what is manifestly an oversight there cured. The judgment by its terms is broad enough to bind Mabel B. Allraum individually. In that respect it goes beyond what the evidence justifies, and will therefore be modified so as to bind appellant Charles Allraum individually and the community only. But since the point was not raised below, costs will go to the respondent as though the judgment appealed from had been affirmed.

Except as modified, the judgment is in all things affirmed.

PARKER, C. J., MAIN, and FULLERTON, JJ., concur.