[No. 18529.   Department One.   September 11, 1924.]

CHURCH MANUFACTURING COMPANY, *Respondent,* v.
AMERICAN SECURITY BANK *et al., Appellants.*[1]

DAMAGES (62)—MEASURE OF DAMAGES—INJURY TO PERSONAL PROP-
ERTY—EVIDENCE.  While the measure of damages for injury to apples
is the difference between the fair market value immediately before
and immediately after the injury, "immediately" cannot be given a
strict meaning where the injury could not be discovered immediately,
but means immediately after the extent of the injury is determined.

SAME (62).  In an action for injury to apples, damages cannot
be awarded in the absence of any evidence as to the fair market
value immediately after the injury was discovered; and the fact
that, at a later date, a certain price was received for them, is not
sufficient evidence of their fair market value.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered August 29, 1923, in
favor of the plaintiff, in an action to recover storage
charges, tried to the court.  Affirmed.

*C. L. Holcomb,* for appellants.
*Moulton & Jeffrey,* for respondent.

MACKINTOSH, J.—The appellants, during the season
1921-1922, stored apples in the storage warehouse
owned and operated by the respondent, and the latter
brought this action to recover the storage charges.
The appellants' answer does not deny the correctness
of the amount of the charges, but sets up a counter-
claim for a loss which they claim to have sustained on
account of some of the apples having frozen while in
storage.

The testimony shows that, when the apples were to
be removed from storage for loading on cars to be
delivered to a purchaser, it was discovered that some

[1]Reported in 228 Pac. 518.

of the apples had been frozen, and that the purchaser refused to take any of them. The apples were then repacked, resulting in a shortage of 65 boxes, for which the respondent admitted liability and has given credit for their full value, deducting that amount from the storage charges. The only question in this case is as to the measure of damages.

The rule by which to measure damages for injury to personal property which has not been entirely destroyed is its fair market value immediately before and immediately after the injury. *Alexander v. Barnes Amusement Co.*, 105 Wash. 346, 177 Pac. 786; *Polle's Seed & Imp. Co. v. Rudene*, 117 Wash. 150, 200 Pac. 1104. The fair market value of the appellants' apples before the injury may be taken to have been established as $996.25, but there is no testimony in the case of their fair market value *immediately* after the injury. Under the peculiar facts in this case, *immediately* cannot be given its strict meaning, for the extent of the injury could not have been discovered immediately. It was necessary to take all the apples and repack them in order to determine how many were unfit for use, and until that time it was impossible to establish the extent of the injury, so that the measure of damages here must be the difference between the fair market value immediately before and immediately after the extent of the injury had been determined. But even applying this rule, there is no testimony establishing the value at the latter time. The appellants rely upon the fact that they received for these apples at a somewhat later date the price of $531.62, but the record is entirely devoid of any testimony showing this was the fair market value, even at the time they were disposed of, and of course, as already noted, that time was not immediately after the injury was discovered. The trial

court held that the appellants, having failed to estab-
lish the extent of their injury, were not entitled to re-
cover on their cross-complaint, and with this decision
we must agree. The trial court, in a memorandum
opinion, clearly states the situation in the following
language:

". . . there should appear at least some
evidence as to the value of those which were repacked
at the time the repacking was completed. The record
is silent as to when this repacking was done. The wit-
ness Carpenter (the appellants' bank officer who was
handling the transaction) testifies that about six weeks
passed from the time of the sale to Duddy, Robinson &
Company (that sale being the one which is taken as
having established the fair market value of the apples
immediately before the injury), and the resale of the
apples through the Wenatchee Valley Fruit Exchange,
and he testifies further that in the meantime the gen-
eral market had declined. While it might be said with
fairness that plaintiff should be held for loss on a
falling market existing at the time the repacking was
completed . . . still, there should have
been some evidence as to the value of this fruit at the
time the repacking was completed. It is hardly fair
to fix that value by testimony concerning what was re-
ceived for the apples by the Wenatchee Valley Fruit
Exchange, the latter being consignees and shipping the
fruit to all parts of the country, and there being no
evidence in the record when sales were made by them,
or where. And especially is this true in view of the
testimony of the witness Carpenter, which is all the
evidence we have in the record on that subject, to the
effect that they received from the Wenatchee Valley
Fruit Exchange $541.63, this being the net return after
the Wenatchee Valley Fruit Exchange had deducted
handling charges. The amount collected by the Wen-
atchee Valley Fruit Exchange is no just or fair cri-
terion of the reasonable worth and value of these ap-
ples, either at the time their frozen condition was dis-

covered, or at the time the repacking had been completed.''

The judgment is affirmed.

MAIN, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.