## MOLLY A. ZACHERL v. STANLEY GOLDBERG AND ANOTHER.[1]

February 19, 1926.

No. 25,017.

**Damages not excessive.**

Under the evidence, the damages awarded plaintiff for an injury to her rug, caused by the negligence of defendants' employe in spilling sulphuric acid on the rug, are not excessive.

Damages, 27 C. J. p. 1122 n. 41.
Evidence, 22 C. J. p. 581 n. 98.

Action in the municipal court of Minneapolis to recover for damage done to a rug by the negligence of defendants. The case was tried before C. L. Smith, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Edward Cohen*, for appellants.
*James C. Melville*, for respondent.

Lees, C.

Plaintiff's rug was damaged by an employe of the defendants, who negligently spilled the sulphuric acid in a radio battery upon the rug. Alleging its value to be $300 and that it was worthless after the accident, she sued to recover that amount. The court

[1]Reported in 207 N. W. 305.

found in her favor and ordered judgment for $200. The appeal is from an order denying defendants' motion for a new trial.

Defendants raise the point that the evidence does not support the findings, particularly the finding as to the amount of plaintiff's damage. The court found that the rug was ruined and that its value was $200. The record contains this statement:

"On April 21st the expert reported to Judge Smith over the telephone that the rug is of the value of $200 and cannot be repaired."

It also contains the following stipulation made in open court:

"That the opinion secured by Judge C. L. Smith from the rug expert in Dayton's Drygoods house in the city of Minneapolis (this being the gentleman whom Judge Smith called up in the matter) shall be taken as evidence in this case, the same as if it had been offered in open court, and shall be as fully a part of the case as though such evidence had been so taken. This evidence shall be as to the value of the rug and the damage on the same."

The defendants offered no evidence of the value of the rug or the damage to it. In support of their motion for a new trial, they produced the affidavit of a rug repairer to the effect that he examined the rug after the trial and was of the opinion that it could be repaired for $10 and was worth only that much less after the accident. It was shown that plaintiff continued to use the rug thereafter and was using it at the time of the trial more than a year after the accident. It is argued that this shows that the rug was only slightly injured and that the award of damages is grossly excessive.

In addition to the statement of Dayton's rug expert, the court had before it the testimony of the plaintiff that the value of the rug before it was damaged was $300, and that "it is worthless to me now. * * * I don't think I could sell it. * * * Why no one would buy the rug. As soon as you come in the room you can see spots all across it."

The owner of property is presumptively acquainted with its value and may testify thereto. Dun. Dig. § 3322. Plaintiff's description of the rug and the statement of the expert furnished a sufficient

basis for the conclusion that the rug had no substantial value after the acid was spilled on it.

The damages awarded are not excessive and the order is affirmed.