C. L. HOFFMAN v. H. C. PIPER AND ANOTHER.[1]

December 5, 1930.

No. 28,168.

[1]Reported in 233 N. W. 313.

*Burton & Burke,* for appellants.
*Mark & Barron,* for respondent.

LORING, J.

Plaintiff had a verdict in an action to recover for a breach of warranty in the sale by the defendants to him of a Star automobile. Defendants appeal from an order denying their alternative motion for judgment notwithstanding the verdict or a new trial.

The principal questions raised and argued by appellants in their brief are (1) the sufficiency of the evidence to support the verdict and (2) whether or not the plaintiff was competent to testify to the value of the automobile purchased by him from the defendants.

We have carefully examined the evidence and find that it supports the allegations of the complaint. It appears that in March, 1927, the defendants sold the plaintiff an automobile which was represented to be a new car except for the fact that it had been driven about 1,200 miles by the defendants themselves personally. The plaintiff complains that at the time of the purchase the defendants represented to him that the car had never been owned by any person other than the defendants and that no one else had operated it. He so testified. It developed upon the trial and was admitted by the defendants that the car had in fact been sold to another purchaser who kept and used it about ten days and then returned it to the defendants.

Plaintiff also alleged that at the time the car was sold to him it contained an old, rebored engine. One of the principal controversies upon the trial was as to whether or not the engine had been rebored. The plaintiff's son was the only person who drove the car for the plaintiff. He was ill during the summer of 1927 so that the car was not used much then. After his recovery he drove the car about 7,000 miles, when it began to pump oil past the pistons. The motor was taken down, and it was then discovered that the pistons were five one-thousandths of an inch oversize and were so marked.

The cylinders were about twenty-five one-thousandths of an inch oversize so that there was a clearance of twenty one-thousandths. These oversize pistons indicated to the expert mechanics that the car had been rebored either at the factory or since its delivery therefrom. The size of the cylinders indicated to them that the car had been driven farther than 8,000 miles or that it had had hard usage. The plaintiff's son testified that he had driven it carefully and changed the oil frequently. We think that the evidence that the car had been run more than 1,200 miles at the time of the sale was sufficient to go to the jury.

The defendants claim that the evidence does not sufficiently identify the pistons which were measured by the witnesses as the ones taken from the plaintiff's car. To go into details would prolong this opinion beyond justifiable limits. We have carefully read the evidence of the various witnesses and are of the opinion that the evidence was sufficient to go to the jury on this point. Whether or not the witness Uselman's testimony should have been stricken out depends on this identification, and we therefore hold there was no error in refusing to strike it out.

The defendants challenge the admission of the plaintiff's testimony as to the value of the car when he bought it. His opinion in that regard was admissible. Egekvist v. Minnetonka & W. B. Nav. Co. 146 Minn. 474, 178 N. W. 238; Paterson v. C. M. & St. P. Ry. Co. 95 Minn. 57, 103 N. W. 621; Zacherl v. Goldberg, 166 Minn. 193, 207 N. W. 305. The weight of such opinion is for the jury to determine.

The order appealed from is affirmed.