Korsmo, J.
¶46 (dissenting) This court does not get to weigh adverbs and come to a different view of the evidence *115 than the jury did. The question here is whether the evidence was sufficient to support the verdict given the victim’s summation of the value of the items taken from him. Since the lay property owner does not need to establish a foundation for his valuation testimony, we should affirm.
¶47 “Of course, the owner of a chattel may testify as to its market value without being qualified as an expert in this regard.” McCurdy v. Union Pac. R.R. Co., 68 Wn.2d 457, 468, 413 P.2d 617 (1966). This principle has a long history in Washington. E.g., Ingersol v. Seattle-First Nat’l Bank, 63 Wn.2d 354, 358, 387 P.2d 538 (1963); Wicklund v. Allraum, 122 Wash. 546, 547, 211 P. 760 (1922); Alexander v. Al G. Barnes Amusement Co., 105 Wash. 346, 347, 177 P. 786 (1919). These civil cases trace the rule to Professor Wigmore. See Wicklund, 122 Wash. at 547 (citing 1 John Henry Wigmore, A Treatise on the System of Evidence in Trials at Common Law § 716 (1904)).
¶48 Using this same authority, although referencing a then more current edition of Wigmore’s treatise, this court applied the principle to the criminal law in State v. Hammond, 6 Wn. App. 459, 461, 493 P.2d 1249 (1972). The rule was stated:
Professor Wigmore states the rule to be:
“The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy.”
(Footnote omitted.) 3 J. Wigmore, Evidence § 716, at 56 (Chadbourn rev. 1970).
Id. Hammond was not the first instance in which a crime victim was permitted to express an opinion concerning valuation of his own property. See, e.g., State v. Duncan, 148 Wash. 57, 59-60, 268 P. 139 (1928); State v. Toliver, 5 Wn. App. 321, 328, 487 P.2d 264 (1971); State v. Melrose, 2 Wn. App. 824, 830-31, 470 P.2d 552 (1970). In Melrose, we *116 expressly stated: “Evidence of value in criminal cases is proved in the same way as in civil cases.” 2 Wn. App. at 831.
¶49 Since Hammond, the cases have continued to permit victims to express their opinions concerning the valuation of their own property without establishing a foundational basis for the opinion. E.g., State v. Walker, 75 Wn. App. 101, 104, 879 P.2d 957 (1994); State v. Trepanier, 71 Wn. App. 372, 374, 858 P.2d 511 (1993). No case suggests that victims must have a foundation for their valuation.[1] As it has been for at least the past century, a lack of basis for the testimony is merely a question of weight for the jury. Oftentimes a victim will explain the basis for her opinion or the prosecutor will bring in other supporting testimony. E.g., Walker, 75 Wn. App. 101 (detective testified to book value of vehicle that was less than victim’s valuation). However, there is no requirement that the victim’s testimony be supplemented with foundational testimony or corroborated by other witnesses.
¶50 The majority errs in its reading of State v. Ehrhardt, 167 Wn. App. 934, 276 P.3d 332 (2012). There the victim testified concerning property taken from him as well as the value of property belonging to his employer that had also been taken. Id. at 938. Both types of property needed to be valued in order to exceed the $750 statutory valuation threshold. Without controversy or challenge, the victim identified the value of his property as being $399. Id. at 945-46. He also testified to the purchase price, three years earlier, of the construction property belonging to his employer, but did not testify to its current value. Id. In this circumstance, a divided panel of Division Two found that there was insufficient evidence of current value. Id. at 946-47.
*117 ¶51 Ehrhardt does not aid the majority for two different reasons. First, and most importantly for this case, the victim there was a competent witness with respect to the value of his own property. That also is our situation here. Second, the Ehrhardt victim never provided a current valuation for the remaining property belonging to his employer.[2] Thus, the question of his competence to express an opinion on that property never arose, nor was the sufficiency of that testimony at issue given his failure to opine on the current value. Again, this is totally unlike our situation.
¶52 The question for the jury here was whether the State established that Mr. Williams possessed more than $750 of stolen property. There was such evidence in the record. Mr. Macomber testified his property was “roughly” worth $800. $800 exceeds $750. Ergo, the evidence was sufficient.
¶53 Despite the seeming simplicity of this problem, the majority strains to disregard this testimony instead of recognizing that the weight of the evidence was a question for the jury to determine.[3] It curiously emphasizes the “rough [ness]” of Mr. Macomber’s testimony. Majority at 105. However, “roughly” is another way of saying “approximately.” Webster’s Third New International Dictionary 1978 (1993). The word “approximately” can be used by a victim without undercutting his valuation testimony. See Toliver, 5 Wn. App. at 328 (victim testified that the value of his typewriter was approximately $100). The jury apparently did not discount the $800 valuation given by Mr. Macomber merely *118 because it was “rough.” The majority has no ability to discount or reweigh his approximation.[4]
¶54 The majority also spends some time commenting that Mr. Macomber discussed “value” rather than “fair market value.” Majority at 111. The jury did the same thing. The court’s instructions defined the word “value,” not “fair market value.” Clerk’s Papers (CP) at 314 (Instr. 21).[5] Similarly, the crime was defined in terms of “value.” CP at 310 (Instr. 23). The elements instruction told the jury that the prosecution needed to prove that the “value” of the property stolen exceeded $750. CP at 311 (Instr. 24). It is unsurprising that the victim would be asked to give his opinion of the “value” of the property. That was, after all, the question the jury needed to decide in this case. Since the jury was told that “value” equaled “market value,” the majority need not worry that the wrong topic was under discussion.
¶55 The majority usurps the role of the jury in determining how much weight to accord the victim’s testimony. Any purported deficiencies in that testimony were for the jury to weigh. Since the majority reweighs the evidence, I dissent.

 My research indicates that there are dozens of unpublished cases involving testimony from victims concerning their value of their property. This is not a controversial topic.

 The Ehrhardt majority and dissent divided over the issue of whether purchase price, without consideration of the current condition of the property due to depreciation, was an adequate measure of current value.

 Stunningly, the majority rejects this argument on the basis that “sufficiency of evidence questions would transfigure into mere evidentiary questions.’’ Majority at 108-09. They normally are. The test for sufficiency of evidence is found in Jackson v. Virginia, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Specifically, Jackson stated the test for evidentiary sufficiency to be “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’’ Id. at 319 (emphasis added).

 See State v. Hill, 123 Wn.2d 641, 644-45, 870 P.2d 313 (1994) (rejecting line of authority permitting appellate courts to undertake independent review of the evidence). We do not weigh the evidence under any circumstance. Thorndike v. Hesperian Orchards, Inc., 54 Wn.2d 570, 575, 343 P.2d 183 (1959); Quinn v. Cherry Lane Auto Plaza, Ijic., 153 Wn. App. 710, 717, 225 P.3d 266 (2009). We similarly do not substitute our judgment for that of the trier of fact. Thorndike, 54 Wn.2d at 575.

 The jury was instructed that “value” meant “market value.” CP at 314.