**STATE**

v.

**Leroy J. MENARD.**

**No. 95–68 C.A.**

Supreme Court of Rhode Island.

Jan. 22, 1996.

Aaron Weisman, Asst. Atty. General, for Plaintiff.

Catherine Gibran, Paula Rosin, Asst. Public Defenders, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on appeal by the defendant, Leroy J. Menard (Menard), from a judgment of conviction entered after a jury trial in the Superior Court for the county of Newport on one count of robbery in the first degree in violation of G.L.1956 (1981 Reenactment) § 11–39–1, as amended by P.L. 1991, ch. 201, § 1. The trial justice denied the defendant's motion for a new trial. Menard received a fifty-year sentence with twenty-five years to serve and twenty-five years' probation. We deny the defendant's appeal and affirm the judgment of conviction. The facts of the case insofar as pertinent to this appeal are as follows.

On July 8, 1993, Manual Amaral (Amaral), the owner of a Tiverton bar known as Man-ny's Cafe, was assaulted and robbed by a patron of the bar, a man he identified as defendant. Amaral testified that just prior to closing time in the early morning of July 8, 1993, five customers remained in the bar, including Menard and his companion, Elaine Sedoma (Sedoma). Menard and Sedoma were the last to leave the bar at approximately 12:30 a.m. After they left, Amaral "sat down to relax and [watch] a little TV" before closing the bar. He testified that he was sitting on a bar stool at the end of the bar when Menard returned to the bar alone, ran the ten or twenty feet from the door to where Amaral was sitting, grabbed Amaral around the neck, punched him several times, and demanded money. Amaral said that at some point Menard threw Amaral's cane to the floor and that Amaral's glasses were knocked from his face during the robbery. After Amaral gave Menard $45, which was all the money he had in his possession, Menard tried to pull Amaral from the bar and demanded that Amaral follow him to the door. When Amaral told Menard that he could not walk without his cane, Menard released him and ran out of the bar. Amaral then pulled himself along the bar to the telephone and called 911. Police Detective Nicholas Maltais testified that he received a call to respond to Manny's Cafe at approximately 12:41 a.m. He said that about two or three minutes before he received the call, he had noticed Menard standing in the driveway at 299 Canonicus Street.

In support of his appeal, Menard contends that a hand-drawn map by Detective Maltais of the area bounded by Buddy's Restaurant, Manny's Cafe, and 299 Canonicus Street offered into evidence misrepresented the distances covered by defendant prior to and following the crime. In particular, Menard argues that the map is inaccurate because the area between Manny's Cafe and 299 Canonicus Street had been labeled as spanning two-tenths of a mile, which Menard contends is less than the actual distance. He contends that the map was so inaccurate as to be irrelevant and that the jury used the faulty measurement as a guideline for making inferences that resulted in the guilty verdict. We disagree with both contentions. The admission of the map by the trial justice was not erroneous. As this court noted in *State v.*

**538**

*Dettore,* 104 R.I. 535, 541, 247 A.2d 87, 91 (1968), *reh. denied,* 105 R.I. 776 (1969), "a sketch or map of the scene of a crime and the relative location of objects thereon is admissible as an aid to the jury's understanding an application of the evidence in a case provided it is reasonably accurate." The map in the instant case was illustrative only. It was admitted for the purpose of showing the location of the streets, the 299 Canonicus Street residence, Manny's Cafe, and Buddy's Restaurant. Moreover, Detective Maltais testified that the map was not drawn to scale, but that he had measured the distance at two separate times using the odometers of two unmarked police cars.

We are satisfied that the map was not misleading in the context for which it was utilized. At the time he admitted the map, the trial justice gave the following cautionary instruction:

"[T]his sketch is not by scale so it's not submitted to you for purposes of measurement other than accepting or rejecting the testimony that from one point to another point is two-tenths of a mile. The rest of it is merely to assist you in getting an idea of the layout of streets and how they relate to whatever issues you may be addressing. Again, it's not by scale and therefore you're not to use this for distances other than the two-tenths of a mile that's been testified to if you accept that testimony. Having said that, I'm going to make it a Full Exhibit."

We hold that the admission of the map by the trial justice was not misleading or prejudicial to the jury. Amaral's identification of Menard as his assailant was persuasive. Amaral had ample opportunity to observe Menard, who had been a patron of Manny's Bar for at least twenty minutes on the early morning of the crime. Thus we must conclude that the trial court's admission of the map was not error.

For the reasons stated, the defendant's appeal is denied and the judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.