# Lewis *v.* The State.

### *Robbery.*

(Decided Dec. 16, 1909.—51 South. 308.)

1. *Evidence; Value.*—The owner of a diamond may testify as to its value if he is familiar with it although not an expert.

2. *Same; Opinion Evidence; Value.*—Although not a dealer in diamonds a witness may testify as to the value of a particular diamond where it is shown that he is familiar with the value of the diamond.

3. *Robbery: Evidence.*—Where the prosecutor testified that the woman who helped rob him had long hair and a witness for the defendant testified that the woman she saw running away from the prosecutor had bushy hair, and the defendant's hair at the time of the trial was short and nappy, it was competent for the state to show whether or not defendant habitually wore a wig. and also that she owned one, and that one was found in her house shortly after the commission of the offense charged.

4. *Charge of Court; Covered by Those Given.*—It is not error to refuse a charge substantially embodied in charges already given.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Mary Lewis was convicted of robbery and she appeals. Affirmed.

GEORGE BONDURANT, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The witness Fischel was the owner of the diamond stud, and was familiar with it, and did not have to be an expert in order to testify as to the value.—*So. R. R. v. Morris,* 143 Ala. 628, 42 South. 17. Moreover, if the rule was otherwise, the witness answered that he knew the value of diamonds, and a witness need not always be a dealer in diamonds in order to know the value of same. The trial court did not err in refusing to exclude the evidence of this witness as to the value of the diamond stud.

The witness Fischel testified that the woman who helped rob him had long hair, and one of defendant's witnesses testified that the woman she saw running from Fischel had bushy hair. On the trial the defendant appeared to have short, nappy hair, and which created a discrepancy in the testimony as to her description; and it was clearly permissible for the state to ascertain if she habitually wore a wig, and to prove that she owned one, or that one was found in her house shortly after the commission of the crime.

This was clearly a case for the jury, and the trial court properly refused the general charge, requested by the defendant.

We have examined the other charges refused to the defendant, and they were either bad or sufficiently duplicated by the given charges.

The judgment of the criminal court is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.