(107 So. 724)

### CLAYTON v. STATE.　(4 Div. 136.)

(Court of Appeals of Alabama.　Nov. 17, 1925. Rehearing Denied Dec. 8, 1925.　Rehearing Granted Feb. 9, 1926.　State's Rehearing Denied March 16, 1926.)

#### On Rehearing.

1. **Criminal law** ⊙⇒560.

Convictions must not rest upon speculation or supposition, but every material ingredient of offense must be proved by competent testimony.

2. **Larceny** ⊙⇒65—Evidence that "cotton was worth 7½ or 8 cents" held insufficient proof of value of cotton stolen to warrant conviction of grand larceny.

In prosecution for grand larceny, value of property stolen must have been $25 or more, and, where only evidence of value was that "cotton was worth about 7½ or 8 cents" conviction must be set aside.

Rice, J., dissenting.

Appeal from Circuit Court, Clayton County; J. S. Williams, Judge.

Jack Clayton was convicted of grand larceny, and he appeals.　Reversed and remanded.

Guy W. Winn, of Clayton, for appellant.

The indictment charges that the cotton was stolen from a warehouse, storehouse, shop, etc.; whereas the proof showed that, if it was stolen at all, it was stolen from a dwelling house.　This constituted a variance. Code 1923, § 4905; Pickett v. State, 72 So. 693, 15 Ala. App. 151.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The motion for new trial and request for the affirmative charge were properly denied. Bodine v. State, 93 So. 264, 18 Ala. App. 514; Morrow v. State, 97 So. 106, 19 Ala. App. 212; Price v. State, 95 So. 55, 19 Ala. App. 78; Lovell v. State, 93 So. 216, 18 Ala. App. 555; Jimmerson v. State, 97 So. 746, 19 Ala. App. 306.

RICE, J.　The appellant was convicted of the offense of grand larceny.　There was ample evidence to support the verdict returned, and there was no error in overruling appellant's motion for a new trial.　Perforce there was none in refusing to give the duly requested affirmative charge in his favor.

Appellant's counsel insists in an interesting argument that the general affirmative charge was due his client, on the ground of a variance between the allegation in the indictment and the proof adduced to support same. Aside from the fact that circuit court rule 34 (Code 1923, p. 906) would perhaps preclude the appellant in the instant case from advantage here of the alleged error, we think the contention made altogether too technical and hypercritical to warrant a reversal of the case.

Finding no prejudicial error in the record, the judgment is affirmed.

Affirmed.

#### On Rehearing.

SAMFORD, J.　Upon a reconsideration of this record, we find that the only evidence tending to prove the value of the cotton stolen was: "Cotton was worth about 7½ or 8 cents."　The charge in the indictment was that of grand larceny, in which the value of the cottons alleged to have been stolen was material, in that, before conviction could be had of the higher offense, the value of the property stolen must have been $25 or more.

[1] Convictions in prosecutions for crime must not be allowed to rest upon speculation or supposition, but in each instance the state must by competent testimony prove every material ingredient of the offense charged.

[2] In the absence of proof that the cotton stolen was of the value of $25, the majority holds that the rehearing should be granted, the former judgment of affirmance set aside, the judgment reversed, and the cause remanded.

Reversed and remanded.

BRICKEN, P. J., concurring.

RICE, J. (dissenting).　My associates are now of the opinion that there was not sufficient proof of the value of the cotton alleged to have been stolen, though this point appears to have been overlooked by counsel for appellant in his oral argument before this court on the submission of the case, and in each of the two written briefs filed by him in this appeal. For my part, I differ with the majority as to the sufficiency of the proof in question.

The bill of exceptions on this point recites: "There were five sacks of seed cotton.　One of them weighed 102 pounds.　I guess the others weighed from 75 to 80 pounds."　And: "Cotton was worth about 7½ or 8 cents."

Tried in a cotton growing and cotton marketing center, as this case was, and where everybody knows a large amount of cotton is marketed in the seed, it seems to me that the evidence quoted was sufficient to advise the court and jury trying the case, and this court, that the property alleged to be stolen was worth over $25.　At any rate, that is the view the said court and jury took, and that I take.　Therefore I dissent.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes