(125 So. 788)

LUKER v. STATE. (I Div. 858.)

Court of Appeals of Alabama. Jan. 21, 1930.

380

J. D. Ratcliffe, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▓ It is first contended that the defendant is entitled to the general charge on account of a failure of proof as to value. As to this, the testimony of Chaudron was: "I think (which, in the absence of objection, was equivalent to his best judgment) *this* seed cotton was selling for $9.00 per hundred pounds at that time and I lost 639 pounds, making *this* cotton worth about the value of $57.50." There was no objection to this testimony and nothing in this record tending to dispute its correctness. In common phraseology, as used in this section of the country, there can be no doubt of its meaning. In the absence of exception testing its accuracy, we hold that the proof of value is sufficient. Our attention is called to the decision in Clayton v. State, 21 Ala. App. 288, 107 So. 724, where this court, by a majority, held that the evidence there offered was not sufficient. In that case there was no definite testimony as to value or that the cotton stolen in value exceeded $25. The testimony in this case relates to "this" cotton and fixes a value of "this" cotton at $57.60.

▓▓ It is contended that a failure to comply with section 4910 of the Code of 1923, in the rendition of the verdict and judgment in this case, should work a reversal. We do not think so. The verdict was: "We the jury find the defendant guilty of grand larceny as charged in the indictment." This was a general verdict and supports the judgment and sentence as rendered by the court. As to the meaning or effect of section 4910, supra, we express no opinion except to say that under our Constitution it cannot enter into or become a part of any judgment or sentence imposing imprisonment. Pressley v. M. & G. R. Co. (C. C.) 15 F. 199; Const. 1901, § 20.

▓ It is next contended that the cotton found in the possession of defendant was not, by the evidence, connected with the cotton taken from the cotton house of Chaudron. True, the evidence was entirely circumstantial and at certain points may to us seem inconclusive, but the chain, such as it is, reached from the cotton house of defendant to the cotton house of Chaudron, and the weight and conclusiveness of the facts and inferences to be drawn therefrom was for the jury, and we are not willing to disturb their finding. In fact we would not be justified in so holding.

▓ A wagon on which was seen about the amount of cotton stolen was found at the cotton house door of defendant in the early hours of the morning after the theft the night before. This wagon was the property of and in the possession of defendant, who unloaded the cotton after he had been notified of the theft and told not to unload the cotton until it could be investigated. It was in evidence that the defendant had hauled some hay the day preceding the night of the theft to the barn of one Pipkin. At the place where the wagon stopped at Chaudron's cotton house and on the ground there was found some hay of the same kind and description as that found in Pipkin's barn, that had been hauled by defendant in his wagon. It may be that this circumstance was susceptible of explanation, in such manner as to render it of little moment, nevertheless it was a circumstance relevant to the chain of circumstances tending to connect the defendant with the theft, and was therefore admissible.

▓ There were some tracks at Chaudron's cotton house made with a No. 8 shoe without heels. Defendant was seen coming from town the next day wearing a pair of new shoes and with a pair of heelless shoes under his arm, and later on in the day a pair of No. 8 heelless shoes were found in defendant's house. All these facts were circumstances to be considered by the jury. None of them of themselves sufficient, but when connected and taken and considered with the other facts become very important testimony.

▓ Defendant's wife, while being examined on cross-examination, was asked: "Has your husband threatened you, told you that he would kill you if you didn't testify for him in court?" This was legitimate cross-examination and was properly allowed. Moreover, the question was answered in the negative.

▓ The defendant reserved exceptions to the following excerpts from the court's oral charges:

"He is entitled to a fair and impartial and just trial, and you should not decide this case against him because of any prejudice, nor on the other hand decide the case against the State of Alabama because he is a white man.

"This defendant is charged with grand larceny, which, under the law, is defined to be the fraudulent taking of the property of another with the purpose of converting it to his own use; to use a common expression, larceny is the stealing of personal property.

"The State contends that he did not leave the cotton on the wagon, and that that is a circumstance that you may consider."

Excerpt No. 1 was but a way of stating to the jury its duty, and in no way was prejudicial. No. 2 is not a correct statement of the

law of larceny, but, when taken and considered with the whole charge, the jury could not have been mislead by it. No. 3 is but a statement of a fact the jury was authorized to consider. Such was not a charge upon the effect of the evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.