[Civ. No. 6283. Second Appellate District, Division One.—January 16, 1931.]

MAMIE K. GRAHAM, Respondent, v. L. B. COHEN et al., Appellants.

Harry C. Levey and A. G. Alm for Appellants.

George H. Moore and Gerald O'C. Egan for Respondent.

HOLLZER, J., *pro tem.*—This is an action brought to recover the value of five diamonds stolen from the plaintiff and later purchased by the defendants, who in turn disposed of the same.

The plaintiff recovered judgment in the sum of $900. The only point involved on this appeal is the contention of the defendants that the evidence is insufficient to sustain the lower court's finding as to the value of said diamonds.

The plaintiff testified that three of the diamonds were worth "approximately around $250 each." With respect to the other two diamonds her testimony was as follows: "Q. And the two diamonds in the ring which was set with the two diamonds and the ruby, what were they worth each? A. The two diamonds each? Q. Yes? A. Well I couldn't say what they were worth each. I should judge the entire ring including the ruby was worth $250.00."

No other evidence was offered touching the question of the value of the jewelry.

There is no doubt under the authorities that the owner of an article, whether he is generally familiar with such value or not, is entitled to testify as to its worth, and that a finding of value based upon such evidence may not be disturbed on appeal. (*Hood* v. *Bekins etc. Co.*, 178 Cal. 150, 152 [172 Pac. 594], citing cases, and Wigmore on Evidence, sec. 716.)

Accordingly we hold that the evidence was sufficient to justify a finding that three of the diamonds were worth $750.

With respect to the remaining two diamonds, while the plaintiff stated that the ring containing these stones together with a ruby was worth $250, it is impossible to de-

termine from such testimony how much of this amount represented the value of the diamonds as distinguished from the value of the ruby and the setting. Hence it is ordered that the amount of the judgment be reduced from $900 to $750, with costs as stated in the judgment. As thus modified the judgment is affirmed.

Conrey, P. J., and York, J., concurred.