STATE *vs.* HARRY ROOKS.

MARCH 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a complaint charging the defendant, Harry Rooks, with embezzling from his employer, Walter J. Harrop, two hundred and twenty-five barrels, of the value of $121.90. The complaint was originally brought in the district court of the sixth judicial district, where, after a hearing, the defendant was adjudged guilty. He appealed to the superior court and was found guilty by a jury in that court. The defendant then filed a motion for a new trial, which was denied by the trial justice. He excepted to this

decision, and is now in this court on this and six other exceptions to the admission or exclusion of evidence taken during the trial.

In his bill of exceptions, the defendant has numbered the exception to the denial of his motion for a new trial as number 1, and the exceptions to the admission or exclusion of evidence in numerical order thereafter as they were taken at the trial. We shall now consider these latter exceptions and conclude with a consideration of exception 1.

Exception 2 is best stated by quoting the following from the transcript, the witness being Walter J. Harrop, the questioner being Mr. Nolan, the assistant attorney general, and the man referred to as "he" in the first question being the defendant, whose attorneys were Messrs. Wildes and McGuirk: "Q. And whether or not he testified that he had sold barrels from your barn to Mr. Farrell and Mr. Weatherhead? Mr. Wildes: I object. How can he comment on testimony in the District Court? The Court: If the defendant on the witness stand admitted that he did it, he can testify. You may answer the question. Q. Did he testify to that effect? A. Yes, sir, he did. Mr. McGuirk: I still think the question is objectionable, because these particular barrels in question, there has been no testimony, no connecting link between the barrels that they allege this man admitted he sold, whether these were the barrels in question or other barrels, because according to this witness' testimony hitherto this man had authority to sell barrels. The Court: Mr. Nolan can ask only one question at a time. This question, in and of itself, is merely preliminary and proves nothing except to lay the groundwork for subsequent testimony. The question is ruled in. Mr. Wildes: The only question and answer that can be introduced in this court as to the testimony of the defendant is wasn't he asked this question and wasn't his answer so and so? You have no right to summarize the testimony. This is an absolute rule of criminal practice. The Court: You may answer the ques-

tion. Mr. Wildes: Note my exception? The Court: Exception noted." Clearly this exception is without merit. It fails to raise properly on the record the question of law which we are asked to decide. *Champlin* v. *Pawcatuck Valley St. Ry. Co.*, 33 R. I. 572.

It will be noted that when the defendant first made his objection he was overruled and did not take an exception. The witness then answered the question and counsel thereupon renewed his objection. A colloquy ensued between counsel and the trial justice, after which defendant's exception was noted but he did not move to strike out the answer. This was a fatal omission on his part. In any event, he was not harmed by the answer of the witness, as later in the trial he, himself, testified substantially to the same effect.

Exception 3 is to the alleged cross-examination of his own witness by the assistant attorney general. Whether or not the assistant attorney general was actually leading the witness, to the prejudice of the defendant, is not before us for our decision, for the same reason as given above to exception 2. Objection was made after the question was answered and no motion was made to strike out the answer.

Exception 4 appears of record as follows: "Q. About how many barrels were in it then, to the best of your judgment? Roughly estimate how many barrels were in the barn there. A. About 2000. Mr. Wildes: I object to that. That is a guess. The Court: He has asked him for his best estimate. Mr. Wildes: Note my exception? The Court: He may answer and I will note your exception."

This exception is without merit for two reasons. Objection was made after the question was answered and furthermore the witness was competent, in view of the circumstances already in evidence, to estimate the number of barrels in stock. The defendant's argument in his brief in support of this exception goes to the weight to be given the testimony rather than to its admissibility and is more

properly addressed to the jury, as doubtless it was at the trial in the superior court.

The fifth exception is to the admission of the witness Harrop's estimate of the value of certain barrels that were in stock in the barn on Anthony avenue, where he left them in the custody of the defendant Rooks when he, Harrop, went away for a short vacation. The defendant objected, contending that the witness had no basis upon which to predicate an answer as to value and that such an answer would be a mere guess. On the other hand, the state contended that the witness was competent to give an estimate of value, based on his knowledge of the barrel business.

It appeared from the evidence that the witness had been engaged in buying and selling barrels at least since taking the defendant into his employ. What the extent of his knowledge of values was is open to question. But here again the defendant's objection, it seems to us, goes to the weight of the testimony rather than to its admissibility. For this reason we think the exception is without merit.

The sixth exception is to the admission of the state's exhibit No. 8, consisting of four checks of the witness Harold K. Weatherhead, which appeared to have been paid to the defendant, as payee, for barrels which he had sold to Weatherhead. The assistant attorney general asked to have these checks admitted as an exhibit only after he had, without objection by the defendant, examined the witness thoroughly on each check, as to the person to whom and the purpose for which it was given. No objection was made to this testimony when given and no motion was made by the defendant to strike it out. The knowledge which the checks conveyed was then, with the defendant's tacit assent, already in the possession of the jury. It seems to us that the admission thereafter of the checks as an exhibit could not possibly have prejudiced him. Therefore, the defendant takes nothing by his sixth exception and it is, for the above reason, overruled.

The defendant's seventh exception was expressly disallowed by the trial justice and no steps were taken in this court to establish its truth. G. L. 1923, chap. 348, sec. 21. Under such circumstances, this exception is not entitled to consideration here.

. We now come to the exception to the denial of the defendant's motion for a new trial. In considering this exception, we have made a careful study of the transcript with particular reference to the theory of the defendant's defense. His theory was, as we understand it, that he was associated in the barrel business with Walter J. Harrop, in the first instance, as a partner and not as an employee, and that later, after May 30, 1935, he became the sole owner of the business under an agreement which he made with Harrop sometime in the latter part of that month and by which he bought Harrop's interest and agreed to pay him therefor $500, in certain installments, on or before July 1, 1935. It appears from the evidence that the defendant admitted that he sold as his own property, and delivered, barrels which Harrop had stored in a barn on Anthony avenue in Providence, and which the state alleges were embezzled from Harrop by the defendant. He also admitted that he used as his own the proceeds of their sale; but he contended that he was dealing with his own property.

The defendant had a fair opportunity to present this defense to the jury for their consideration. The jury was carefully instructed in the law applicable to the case, and the defendant made no objection to the charge. From our examination of the transcript, we have been unable to find that the jury disregarded the law as given to them by the trial justice.

As to the facts in evidence, the jury had the advantage of seeing the witnesses and hearing them testify. This testimony was sharply conflicting. On the one hand the state, by its evidence, sought to prove that the barrels in the barn on Anthony avenue belonged to Walter J. Harrop and that

the defendant sold a certain number of them without authority and that he appropriated the proceeds of the sale to his own use. On the other hand, the defendant's evidence was introduced not to show that he did not take the barrels and sell them as his own and for his own benefit, but that he had bought Harrop's interest in the barrel business and that, at the time the defendant sold the barrels which he was charged with embezzling, they were his property. That was the simple issue.

There were some peculiarities and evasions in the testimony on each side which might well have affected the credence which the jury would give to the witnesses, but it was fully within the province of the jury to decide which side was worthy of belief. From the jury's verdict of guilty, returned after they had been correctly charged as to the law, we must conclude that they believed the evidence for the state, and did not credit the defendant's testimony that he and Harrop were originally partners in the business and that he had bought Harrop's interest and thus become sole owner of the barrels.

The verdict of the jury has been approved by the trial justice, who wrote a comprehensive rescript in which he also expressed his lack of belief in the defendant's testimony and his complete agreement with the finding of the jury. The decision of the trial justice cannot be disturbed by us unless it is clearly wrong. *State* v. *Hathaway,* 52 R. I. 492; *State* v. *Badnelly,* 32 R. I. 378.

In our examination of the evidence we have been unable to find anything therein that would warrant us in saying that it was insufficient to raise in the minds of the jury a conviction of the guilt of the accused beyond a reasonable doubt; and in denying the defendant's motion for a new trial, the trial justice evidently had in mind the state's burden of proving guilt beyond a reasonable doubt, as he had thus charged the jury. Therefore we cannot say that his approval of the verdict was clearly wrong. The defendant's first exception is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*John P. Hartigan,* Attorney General, *John H. Nolan,* Assistant Attorney General, *Hyman Lisker,* Assistant Attorney General, for state.

*Frank H. Wildes,* for defendant.