[No. 459-2.    Division Two.    February 24, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. DALE E. HAMMOND, *Appellant.*

*Odine H. Husemoen* and *Walstead, Mertsching, Husemoen & Donaldson,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* for respondent.

ARMSTRONG, J.—Defendant appeals from a conviction and sentence of grand larceny.

The appeal focuses upon the admissibility of an owner's valuation testimony concerning the worth of a diamond ring and whether the jury could consider such testimony in determining if the stolen items had a combined value in excess of $75.

The facts pertinent to a resolution of the above issue may be briefly stated as follows. The defendant was charged and found guilty by a jury of grand larceny for having stolen five rings worth in excess of $75. All of the rings were introduced into evidence as exhibits and were before the jury for their consideration. The victim-owner, Mrs. McDaniels, was the only witness called by the state to testify concerning the value of the five rings. As to three of the rings, she testified that they were "cheap junk jewelry," worth only a few dollars. As to the fourth ring, a blue sapphire, she testified she had paid approximately $25 to $29 for it in 1968. It is the admissibility of testimony concerning the fifth ring, a diamond, that forms the basis for the appeal. Regarding the diamond, the prosecutor on four occasions asked Mrs. McDaniels her opinion as to the fair market value of the ring. Defense counsel objected to the line of questioning and the trial court sustained the objections on the basis of the prosecutor's objections on several grounds, including the failure to lay a foundation regarding market value. On the fourth occasion, however, the following exchange took place:

Q [By the prosecutor] Now, again, I understand that you are not trying to sell the rings, but do you have an idea as to the approximate fair market value of them?

A [By the owner-witness] Well, I am well satisfied that you couldn't buy a ring like this—
[Defense counsel] I object.
THE COURT: She may answer.

Q [By the prosecutor] Go ahead, Mrs. —

A [By the owner-witness] For $600, I know.

The trial court ruled the testimony admissible saying it would be up to the jury to attach such weight to her testimony as it deems proper.

Defendant contends that the owner's valuation testimony was inadmissible due to the prosecutor's failure to lay a foundation relating to market value. He further argues that the testimony was insufficient, thereby necessitating its exclusion from the jury's consideration as to whether the

jewelry had a combined value in excess of $75. We cannot agree.

■ The prevailing rule is that the owner of a chattel may testify as to its market value without being qualified as an expert in this regard. *McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 413 P.2d 617 (1966).

Professor Wigmore states the rule to be:

> The *owner of an article,* whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy.

(Footnote omitted.) 3 J. Wigmore, Evidence § 716, at 56 (Chadbourn rev. 1970).

In *Wicklund v. Allraum,* 122 Wash. 546, 211 P. 760 (1922) the court, in addition to citing the Wigmore rule, further stated that the general rule requiring that a proper foundation be laid, showing the witness to have knowledge upon the subject before he can qualify to testify as to market value, does not apply to a party who is testifying to the value of property which he owns. The owner of property is presumed to be familiar with its value by reason of inquiries, comparisons, purchases and sales. The weight of such testimony is another question and may be affected by disclosures made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness. Although there are variations of phraseology in its statement, the foregoing principles are recognized as comprising the general rule followed in nearly all jurisdictions, and are equally applicable in criminal as well as civil cases.[1]

---

[1]The general rule permitting an owner to testify as to the value of property without qualifying as an expert is relied upon in the criminal field as noted by the following cases: *Lewis v. State,* 165 Ala. 83, 51 So. 308 (1909); *Luker v. State,* 23 Ala. App. 379, 125 So. 788 (1930); *Johnson v. State,* 190 Ark. 979, 82 S.W.2d 521 (1935); *People v. Henderson,* 238 Cal. App. 2d 566, 48 Cal. Rptr. 114 (1965); *State v. Endorf,* 219 Iowa 1321, 260 N.W. 678 (1935); *Young v. Commonwealth,* 286 S.W.2d 893 (Ky. 1955); *Mercer v. State,* 237 Md. 479, 206 A.2d

The authorities show somewhat of a divergence of view on the question of the admissibility of the opinion as to the value of jewelry of a nonexpert owner but the general rule permitting the owner of a chattel to testify as to its market value without qualifying as an expert is adhered to in the majority of instances. *Van Horn v. Swezey*, 2 Conn. Cir. 422, 199 A.2d 719 (1963).[2]

In the instant case the witness admittedly had little knowledge of the exact value of the diamond ring and was reluctant at the outset to state her opinion as to its market value. However, once apprised of the fact that her testimony could be based on her opinion of the *approximate* fair market value and need not be an exact amount the witness stated, "Well, I am well satisfied that you couldn't buy a ring like this for $600, I know."

In addition to challenging the sufficiency of this estimation, defendant contends that it was not based on market value, but rather on a cost of replacement approach. We disagree with the interpretation of the testimony. The wit-

797 (1965); *Benton v. State*, 228 Md. 309, 179 A.2d 718 (1962); *People v. Johnson*, 215 Mich. 221, 183 N.W. 920 (1921); *State v. Kelly*, 365 S.W.2d 602 (Mo. 1963); *State v. Johnson*, 293 S.W.2d 907 (Mo. 1956); *Whitley v. State*, 36 N.M. 248, 13 P.2d 423 (1932); *State v. Rooks*, 62 R.I. 251, 4 A.2d 905 (1939); *Murphy v. State*, 161 Tex. Crim. 87, 275 S.W.2d 104 (1955); *State v. Myers*, 5 Utah 2d 365, 302 P.2d 276 (1956); Annot., 37 A.L.R.2d 1000, § 25 (1954).

[2]Additional cases supporting the rule that an owner may testify as to the value of jewelry are: *Rankin v. Caldwell*, 15 Idaho 625, 99 P. 108 (1908) (relied upon by our court in *Wicklund v. Allraum*, 122 Wash. 546, 211 P. 760 (1922) in its adoption of the general rule than an owner may testify as to the value of a chattel *without being an expert*), *Rankin* held that an owner was permitted to testify to the value of his two diamond rings. *Glennon v. Travelers Indem. Co.*, 91 A.2d 210, 37 A.L.R.2d 964 (D.C. Mun. Ct. App. 1952) (ownership of diamond ring entitled plaintiff to give her estimate of value); *Lewis v. State*, 165 Ala. 83, 51 So. 308 (1909) (a prosecution for robbery in which it was held that the owner of a diamond stud could testify as to its value, without showing that he was an expert in such value); *Pavloff v. Clairton*, 146 Pa. Super. 158, 22 A.2d 74 (1941) (the owner entitled to give his opinion of the value of several articles of jewelry); *Graham v. Cohen*, 111 Cal. App. 131, 295 P. 46 (1931) (owner of diamonds entitled to testify as to their worth).

ness was asked by the prosecutor what her estimation of the approximate fair market value might be and we interpret her response as constituting a layman's manner of expressing market value. It should be noted however, that replacement cost is a recognized factor to be considered in determining market value. *State v. Wilson,* 6 Wn. App. 443, 493 P.2d 1252 (1972); *Hartford Fire Ins. Co. v. Baker,* 127 Okla. 166, 260 P. 6, 55 A.L.R. 796 (1927).

The testimony also revealed that the witness had owned the diamond ring some 30 to 40 years. Under the general rule we think the witness was entitled to give her estimate of the value of the ring for whatever it might be worth in aiding the trier of the facts in determining the value. She was subject to cross-examination to bring out the basis or lack of basis for the estimate and in the end little or no weight might have been given to her testimony. To adopt any other holding would foster a too narrowed and technical application of the general rule relating to an owner's testimony of value of personal property.

In entertaining defendant's challenge to the sufficiency of the owner's valuation testimony we note from the record that three of the rings were said to be worth only a few dollars. The fourth ring was testified to be worth between $25 to $29 at its purchase date in 1968, and the diamond ring had an estimated worth of at least $600. RCW 9.54.090 provides that the line of demarcation between petit and grand larceny is anything in excess of $75. Even assuming that the owner's estimate regarding market value was in error by several hundred dollars, we think there is substantial credible evidence by which the jury could conclude that the stolen items had a value in excess of $75. Had the jury wanted to find petit larceny they could have so found as an instruction was given in this regard. Accordingly, the defendant's exceptions to the admissibility and sufficiency of the plaintiff's testimony as to the value of the diamond ring cannot be sustained.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.