[No. 21358-7-III.   Division Three.   January 29, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. SHANNON BRUCE MORLEY, *Appellant*.

*Susan M. Gasch*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

KURTZ, J. — First degree theft is theft of property having a value greater than $1,500. RCW 9A.56.030(1). "Value" means market value at the time and place of the theft. RCW 9A.56.010(18)(a). At issue in this appeal is whether evidence of the retail price of a generator ($2,000) is sufficient to support Shannon Bruce Morley's conviction for attempted first degree theft. We hold it is not. The victim of the theft was an equipment rental company, and the evidence does not establish the fair market value of the used generator. We therefore reverse Mr. Morley's conviction for attempted first degree theft and remand for entry of judgment and sentence on the lesser offense of attempted second degree theft.

On June 19, 2000, employees at the RentX on East Sprague in Spokane saw a man in a vehicle back up to the

place where RentX had situated generators it owned and offered for rent. The man got out and loaded a generator into the back of the vehicle, then drove away. One of the employees was able to get a license plate number, and Chaus Fleury, the assistant manager, reported the incident to Crime Check.

The next day, RentX employees saw a man enter the lot and roll another of the generators to his vehicle. This time, Mr. Fleury confronted the man and asked what he was doing. The man replied that he was renting a generator for Gary McWilliams, a name Mr. Fleury recognized as that of a contractor who had rented equipment from RentX in the past. The manager called Mr. McWilliams, who told him that he had not sent anyone to pick up a generator. Mr. Fleury repeated this assertion to the man, who then got into his truck and drove off. Mr. Fleury wrote down the license plate number of the vehicle. He called Crime Check with this new information.

Shannon Morley was subsequently arrested and charged with second degree theft for the incident involving the theft of the first generator, and attempted first degree theft for the incident involving the second generator on the following day. Second degree theft requires proof that the property in question is valued at greater than $250.[1] For first degree theft, the value must be more than $1,500.[2]

At a bench trial, Mr. Fleury testified about the value of the generators. With regard to the first generator, he stated that its book value was $665.92. That amount reflected its depreciated value. When the prosecutor asked him what the generator would cost if a "person were to go out and try

---

[1] RCW 9A.56.040(1) provides that "[a] person is guilty of theft in the second degree if he or she commits theft of:

"(a) Property or services which exceed(s) two hundred and fifty dollars in value . . . but does not exceed one thousand five hundred dollars in value . . . ."

[2] RCW 9A.56.030(1) provides that "[a] person is guilty of theft in the first degree if he or she commits theft of:

"(a) Property . . . which exceed(s) one thousand five hundred dollars in value . . . ."

and buy one," Mr. Fleury answered that he did not know the list price. Report of Proceedings (RP) at 23.

With regard to the second generator, Mr. Fleury testified as follows:

Q What was the list price in market value, if you were to buy it new on that day?

A $2,000.00 for a 3.7 amp generator.

RP at 30. On cross-examination, Mr. Fleury gave the following testimony:

Q So you don't have a . . . market value on that . . . generator?

A With our depreciation factored in, I do not. We have a discount . . . I could figure out for you if you want that. That is the closest thing I would be able to come to, our cost type of thing, what it would cost [RentX] to replace that generator.

RP at 45. On redirect, Mr. Fleury testified that RentX's discount from its supplier was 40 percent to 45 percent off the list price. The lower price was available to RentX because it bought in large quantities from the supplier.

The court found Mr. Morley not guilty of the second degree theft of the first generator, citing the fact that the eyewitnesses could not identify Mr. Morley as the man who took it. Identity could not be linked to Mr. Morley on the basis of the attempted theft the next day because a different vehicle was used. The court judged Mr. Morley guilty of the attempted first degree theft of the second generator. It found that the market value of the generator was $2,000, stating that "[t]he fact you can negotiate a better price doesn't reduce the value of the equipment." RP at 105.

The issue in Mr. Morley's appeal is whether the evidence of the used generator's retail price, new, is sufficient to support the value element of his conviction for attempted first degree theft.

■ As set forth above, to convict a defendant on a charge of first degree theft, the State must prove that the value of the item stolen exceeds $1,500. RCW 9A.56.030(1)(a).

" 'Value' means the market value of the property . . . at the time and in the approximate area of the criminal act." RCW 9A.56.010(18)(a). " ' "Market value" is defined in this state as the price which a well-informed buyer would pay to a well-informed seller, where neither is obliged to enter into the transaction.' " *State v. Kleist*, 126 Wn.2d 432, 435, 895 P.2d 398 (1995) (quoting *State v. Clark*, 13 Wn. App. 782, 787, 537 P.2d 820 (1975)).

■ The evidence at Mr. Morley's trial is insufficient to establish the requisite value for a conviction for first degree theft. Specifically, the generator's retail value is not evidence of its fair market value in the circumstances present here, i.e., when the object of the attempted theft is an item that the victim obtained at less than retail price, uses, and does not offer for sale.

The court did not find any Washington authority that addressed a situation similar to that here. But 6 *New York Practice Series, Criminal Law* (2003), states the following at section 12:13:

> If the property has an ascertainable market value, the jury must consider any *depreciation* of the property in the hands of the owner, including any change in its condition. If the property stolen was not being held for sale, but was merely property in the possession or for the use of an individual owner, it may still have a market value if *sales of such used property* occur "with some regularity and uniformity." . . . If the market value at the time and place of the theft cannot be satisfactorily ascertained, value means "the cost of replacement of the property within a reasonable time thereafter."

(Emphasis added) (footnote omitted). In defining value for purposes of criminal liability for transporting stolen goods in interstate commerce, the federal court in *United States v. Robinson*, 687 F.2d 359, 360 (11th Cir. 1982) stated that "the type of buyer seller transaction used for determining the value of the stolen property is the transaction in which the person from whom the property was stolen would have engaged. If property is stolen from a retail merchant the market value is the retail sales price. *If property is stolen*

*from a wholesale merchant the market value is the wholesale price.*" (Emphasis added.)

The Illinois Court of Appeals considered analogous circumstances in *People v. Brown*, 36 Ill. App. 3d 416, 343 N.E.2d 700 (1976). There, the theft was of stereo equipment. The victim owned a commercial establishment. He testified that he had purchased the items for $800, and that the equipment had been used about eight hours a day for the four months that had elapsed since its purchase. *Id.* at 420. The court on appeal held that the owner's testimony was not evidence of the fair market value of the equipment at the time and place of the theft. *Id.* at 421. Rather, his testimony related to cost. *Id.* The court held that "the nature of the equipment involved here and the absence of evidence relating to fair cash market value together with the other factors mentioned, lead us to conclude that the evidence of value was insufficient to support a conviction for felony theft." *Id.*

Applying the above-cited authority to the facts of this case, we hold that the market value of a new generator is not the appropriate value for the purpose of assessing the value of the generator in this theft prosecution. The generator here was never held by RentX for sale and was obtained by it for a price significantly less than retail price. Further, it was a used item at the time of the attempted theft. RentX was in the business of renting equipment to its customers on a fee basis. Although the record here is silent on the number of times it had rented this particular generator, the inference from RentX's business purpose is that it had done so. The State did not produce any direct evidence of the second generator's market value as a used piece of equipment. At most, the evidence creates an inference that its value exceeded the depreciated value of the first, smaller generator, which Mr. Fleury testified was $665.92. Mr. Morley also contends that rental value of the generator is the correct measure of value and that the State failed to produce any evidence of rental value. He cites *State v. Lee*, 128 Wn.2d 151, 904 P.2d 1143 (1995). Mr.

Morley's argument that the facts here are comparable to those in *Lee* is not persuasive. In *Lee*, the loss was the rental value of the residence. Here, the subject of the attempted theft was the generator itself, not its rental value. For the two to be comparable, Mr. Morley would have had to attempt to accept money from a customer who was renting the generator. Instead, he attempted to take the generator.

We, therefore, reverse Mr. Morley's conviction for attempted first degree theft and remand for entry of judgment and sentence on a conviction of the lesser-included offense of attempted second degree theft.

Reversed.

KATO, A.C.J., and SWEENEY, J., concur.