FILED
COURT OF APPEALS
DIVISION II

2013 DEC 10 AM 9: 55

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44307-4-II |
| Respondent, | |
| v. | |
| LARRY G. "BUDDY" KELLY, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J — Larry G. "Buddy" Kelly appeals a restitution order entered after he pled guilty to second degree theft and second degree possession of stolen property. He argues that sufficient evidence does not support the ordered restitution amount. Agreeing, we remand for correction of the amount of restitution.

FACTS

In his plea of guilty, Kelly admitted that he "wrongfully obtained and exerted unauthorized control over [the] property of Greg Dawson, with intent to deprive" and "knowingly possessed property of Greg Dawson." Clerk's Papers (CP) at 21. As to restitution, his plea agreement stated, "To: Victim Dawson—as approved for loss from burglary, damage to recovered property." CP at 12.

At the restitution hearing, the State submitted the following list of Dawson's claimed expenses:

| | |
|---|---|
| Damaged locks and doors: | $200 |
| Destroyed utility trailer door: | $500 |
| [. . .] | |
| Damaged CanAm ATV[1] | [no amount listed] |
| Damaged Yamaha Boat motor 15 hp | [no amount listed] |
| [. . .] | |
| Not Recovered: | |
| 1)    Honda 6½ HP 2" water pump | $850[ ] |
| 2)    Off Brand 6½ HP 2" [water pump] | $400[ ] |
| 3)    Husky HD Generator | $850[ ] |
| 4)    Husquvarna Back-Pack Leaf Blower | $750[ ] |
| 5)    Diamond Plate Truck Bed Tool Box-HD | $1,200[ ] |
| 6)    Contents of Tool Box, estimated value | $5,000 to $7,000 |
| 7)    App[roximately]. 200' ft of 2" flat lay hose [and] fittings $200[ ] | |
| 8)    3 [each] premium [ ]ATV Helmets | $450[ ] |
| 9)    Large [quantity] of misc[ellaneous] tools, est[imate] $1,500[ ] | |
| 10)   Gas can [and] pressure hose for Boat motor | $250[ ] |
| 11)   HD Marine Battery | $120[ ] |
| [. . . ] | |

Ex. 1.

Dawson testified on direct examination that (1) he "guesstimated about five hundred dollars"[2] on repairing the utility trailer door and "guess[ed]" the cost of repairing the ATV at "around $1,500"[3]; and (2) the values he listed for the items he did not recover were fair market values. On cross-examination, Dawson acknowledged that he had not obtained estimates for the items he did not recover. He stated that his valuation of the tool box was his "best guess" and that the $5,000 to $7,000 he listed for the contents of the tool box was also a "guestimate." Verbatim Report of Proceedings at 17, 18.

---

[1] All terrain vehicle.

[2] Verbatim Report of Proceedings (VRP) at 7.

[3] VRP at 8.

The State asked the trial court to set the restitution amount at $14,270, the total of Dawson's listed amounts on Exhibit 1, with $5,000 for the contents of the tool box, plus the $1,500 Dawson estimated to repair the ATV. Kelly's counsel objected to Dawson's guesses as to valuations. The trial court set Kelly's restitution amount at $14,270. Kelly appeals this restitution amount.[4]

## ANALYSIS

Kelly argues that we should vacate the restitution order because the State did not present substantial credible evidence of the amount of damage to the damaged items or the value of the unrecovered items. *See* Br. of Appellant at 5 (citing *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008)). He contends that (1) because Dawson gave only rough estimates of the amounts of damage or loss, without corroboration, his testimony was insufficient evidence to support the amount of the restitution order, Br. of Appellant at 7 (citing *State v. Kisor*[5]); and (2) Dawson offered only guesses about the $500 for repairing the trailer door, the $1,500 for repairing the ATV, the $1,200 for replacing the tool box, and the $5,000 for replacing the contents of the tool box.

The State responds that the property's owner can testify to the value of that property, *State v. Hammond*, 6 Wn. App. 459, 461, 493 P.2d 1249 (1972), and that we review a restitution award for an abuse of discretion. Br. of Resp't at 4 (citing *State v. Mark*, 36 Wn. App. 428, 433, 675 P.2d 1250 (1984)). The State concedes, however, that (1) Dawson's estimates for repairing

---

[4] A commissioner of this court initially considered Kelly's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[5] *State v. Kisor*, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993) (rough estimate of costs of training a new police dog insufficient to support amount of restitution ordered).

3

the trailer door and the ATV were insufficient to support that portion of the restitution order; and (2) therefore, these amounts should not have been included.[6]

We conclude that the trial court did not abuse its discretion in accepting Dawson's testimony about the values of his unrecovered property and the amount of damage to the garage locks and doors. We accept the State's concession that the evidence does not support the restitution award of $500 for repairing the trailer door or $1,500 for repairing the ATV. We find no evidence in the record before us that the trial court intended to order restitution in an amount above the amounts of established damage and loss.[7]

It also appears that the State and the trial court made a $500 scrivener's error in totaling the amounts Dawson claimed in restitution: The amounts to which Dawson testified totaled $13,770, not the $14,270 stated in the trial court's restitution order.[8] *See* Exhibit 1 (itemizing victim's damages and losses, totaling $12,770); and VRP at 8 (estimated cost of repairing damaged ATV, $1,500). Accordingly, we remand to the trial court to correct the total amount of restitution that Kelly must pay Dawson, namely $11,770, which represents the total

---

[6] The State also notes that RCW 9.94A.753(3) allows the trial court to order restitution in an amount up to double the amount of the victim's established loss.

[7] Thus, to the extent that the State implies that the restitution amounts are allowable so long as they are less than the doubled amount RCW 9.94A.753(3) allows, we do not adopt this justification for the unsupported damages.

[8] Kelly asserts that Dawson's testimony also added $250 for repairing a boat that he recovered; he argues that the record contains "no basis whatsoever" for this claim. Br. of Appellant at 8. Kelly misreads the record: Dawson testified on direct about lost property (a gas can and a pressure hose) that had been *inside* the boat, which property was listed on the State's itemized exhibit of Dawson's losses at $250. Dawson did not testify about any repair cost related to the boat itself; nor did he seek restitution for such a claim. *See* Exhibit 1 ("Yamaha Boat motor" listed as "Damaged" but no amount listed). But see *also* VRP at 15-16 (Dawson acknowledged on cross-examination that he did not have an estimate on the cost to repair the boat).

4

established values of the lost items and the damage to the garage locks and doors.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Johanson, A.C.J.

Penoyar, J.